UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Hardee's Food Systems Inc., | ) | |
|                 Plaintiff | ) | |
| | ) | |
|    v. | ) | Case No. 09-4083 |
| | ) | |
| Shree Krishna Food, LLC, Sam Patel, and | ) | |
| Natvarbhai Patel, | ) | |
|                 Defendants | ) | |

**ORDER**

Now before the Court is the motion by Plaintiff for attorney's fees (#55). The motion was filed on April 28, 2011. Defendant's response was due on May 16, 2011; no response was filed. The Court therefore presumes there is no opposition and rules without further notice to the parties. Local Rule 7.1.

On April 14, 2011, Plaintiff's motion for partial summary judgment was granted for $466,251.26 for damages resulting from Defendants' breach of their franchise agreement and temporary license agreement with Plaintiff and the related personal guarantees of those agreements. At a hearing on May 4, 2011, the parties advised the court that, by agreement, all remaining issues except attorney's fees were dismissed with prejudice.

In this motion, Plaintiff asserts that each of the agreements mentioned in the preceding paragraph contained a paragraph authorizing an award of fees to the prevailing party in any suit for damages for breach of the agreement. Those paragraphs are set out in full in the motion, and they are supported by the documents themselves, which were submitted in support of the motion for partial summary judgment.

These paragraphs authorize reimbursement of:

costs and expenses, including, but not limited to, reasonable accountants', attorneys', attorneys' assistants', and expert witness fees, costs of investigation and proof of facts, court costs, other litigation expenses and travel and living expenses, whether incurred prior to, in preparation for, or in contemplation of the filing of, the proceeding.

Plaintiff seeks $111,616.40 in attorneys' fees and $5,026.47 in litigation expenses pursuant to those agreements. Under Missouri law[1], when a contract provides for an award of attorneys fees incurred in enforcing the contract, it is error not to make such an award of reasonable fees. Ruzicka v. Hart Printing Co., 21 S.W.3d 67, 73 (Mo.App.2000); Garner v. Hubbs, 17 S.W.3d 922, 930 (Mo.App.2000).

**ATTORNEY'S FEES**

The lodestar of any calculation of attorney's fees is determined by multiplying the number of hours spent by the hourly rate. That amount may be modified, depending on factors specific to a given case, which include: (1) the rates customarily charged by the attorneys involved in the case and other attorneys in the community for similar services; (2) the number of hours reasonably expended; (3) the nature and character of the services; (4) the degree of professional ability required; (5) the nature and importance of the subject matter; and (5) the amount involved and results obtained.

Based on the affidavits and billing records submitted by plaintiff, its attorneys at Stolar Partnership spent 341.9 hours, while its attorneys at Lane & Waterman spent 78.9 hours. Multiplying those hours by the various hourly rates of the 14 different attorneys and 3 legal assistants who worked on this case brings the total amount of fees sought to $111,537.50.

The affidavits submitted establish that the hourly rates charged are the rates regularly charged by the attorneys at the time the hours were expended, and further that they are in line for similar types of services. A certain amount of expertise in franchise agreements was required in this case. Nothing has been submitted suggesting that these rates are unreasonable.

A review of the itemized billing of the attorneys reflects the careful attention to detail that was necessary in this document-dependent case. A review of the docket reflects some of the difficulties that

---

[1] These agreements all provide that they are governed by the law of Missouri.

Plaintiff's counsel encountered in attempting to complete discovery in this matter on at timely basis, given the frequent failure of Defendants to litigate in a timely and orderly manner. Finally, a review of the summary judgment motion and resulting order reveals the high quality of work that these attorneys produced, not to mention the excellent result obtained.

Accordingly, I find that the amount sought is not unreasonable, and the motion for attorney fees is granted.

**COSTS**

The costs incurred by the Plaintiff in prosecuting this case total $4,676.47. The majority of these costs are Westlaw research charges ($2,897.90), with the balance being for copying, court reporters' charges, filing fees and the like. Under $500 is for travel. Because all of these costs are recoverable under the documents that govern this case, and because no challenge to reasonableness has been raised, the motion for costs is also granted.

**CONCLUSION**

The Plaintiff's motion for fees and costs is GRANTED. The Clerk is directed to enter judgment in a civil case, in favor of Plaintiff and against the defendants, in the amount of $466,251.26, plus $111,537.50 in attorney's fees and $5,278.27 in costs. This matter is terminated.

ENTERED ON June 2, 2011

                                        s/ John A. Gorman

                                  JOHN A. GORMAN
                         UNITED STATES MAGISTRATE JUDGE